IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BELINDA PETERSON**                                                                    **PLAINTIFF**

**V.**                                                                    **CASE NO. 1:06CV202**

**INTERFOODS OF AMERICA, INC.**
**d/b/a/ POPEYE'S**                                                                    **DEFENDANT**

## ORDER

This cause comes before the court on the plaintiff's motion [8] to remand. The Court has reviewed the briefs and exhibits and is prepared to rule.

Belinda Peterson, an adult resident of Lowndes County, Mississippi, filed this action in the County Court of Lowndes County, Mississippi on June 5, 2006. While eating at Popeye's Chicken located on Highway 45 in Columbus, MS, the plaintiff found that the chicken sold to her was spoiled. Peterson claims that she complained, to no avail, about receiving the spoiled food, and that she also learned that the business regularly sold spoiled food to customers. She further claims to have sought medical treatment after consuming the food. Her complaint included allegations of negligence, gross negligence, and breach of warranty. On July 18, 2006, defendant Interfoods of America d/b/a/ Popeye's, a Nevada corporation, filed a notice of removal. The notice of removal alleged that the District Courts of the United States have original jurisdiction over this action as the suit is between citizens of different states and the amount in controversy, while not specifically pled, exceeds $75,000 exclusive of interest and costs. It is undisputed that there is complete diversity between the parties and that the sole issue for the Court in deciding

1

the instant motion is whether the amount-in-controversy requirement of 28 U.S.C. § 1332 has been met.

The request for relief in the plaintiff's complaint seeks "damages suffered by the Plaintiff in an amount to be determined by a jury, and a judgment against the Defendant in an amount to be determined by a jury sufficient enough to punish the Defendant for its actions and to deter it, and others similarly situated, from repeating the same." The plaintiff also requests "that she be awarded attorneys' fees she has and will incur in bringing this action against the defendant."

Where, as here, the plaintiff does not allege a specific amount of damages, the Fifth Circuit has prescribed a procedure for determining the amount in controversy:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment- type" evidence to ascertain the amount in controversy.

*White v. FCI USA, Inc.*, 319 F.3d 672, 675 ( 5th Cir. 2003). Unless it is apparent from the petition that the amount in controversy exceeds $75,000.00, the defendant may not rely on mere conclusory allegations in the notice of removal to satisfy its burden. *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F.Supp.2d 578, 586 (2006). However, in her motion to remand, Peterson stipulates that she is not seeking any amount of damages in excess of $75,000, exclusive of interest and costs. Even so, the Supreme Court has noted that when a plaintiff reduces the claim below the requisite amount by stipulation or affidavit after removal, the district court is not automatically deprived of jurisdiction. *Ray Mart, Inc.*, 435 F. Supp.2d at 586 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 292, 58 S.Ct. 586, 82 L.Ed.

2

45 (1938)). An affidavit, however, may suffice to defeat removal if it merely clarifies, rather than reduces, the demand asserted in a previously ambiguous petition. *Id*.

It is not apparent on the face of the complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. Nonetheless, the court does not accept the plaintiff's stipulation as clarification that the demand in her ambiguous petition does not exceed $75,000. The court will now look to the evidence submitted by the defense.

In its motion to remand Interfoods noted the plaintiffs' demand for punitive damages. Interfoods asserts that it is a private company with a net worth of $1.8 million dollars at the end of the 2005 fiscal year. Under Mississippi Code Ann. § 11-1-65, punitive damages recoverable by the plaintiff are capped at 2% of $1.8 million, which is $36,000. Defendant Interfoods also noted, and this court notes, that the plaintiff is seeking attorneys fees. However, the defense has not addressed the plaintiff's actual damages. A plain reading of the complaint could lead one to conclude that the likelihood of the plaintiff's actual damages being substantial is equal to the likelihood that the actual damages are minimal, leaving a question about whether the amount sought exceeds $75,000. The burden of proof lies with the defense. As such, the plaintiff's motion to remand [8] is GRANTED.

This the 11th day of December, 2006.

                                                     **/s/ Michael P. Mills**
                                                    **UNITED STATES DISTRICT JUDGE**